# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| XOME SETTLEMENT SERVICES, LLC § <br> and QUANTARIUM, LLC § <br> § <br> v. § <br> § <br> CERTAIN UNDERWRITERS AT § <br> LLOYD'S, LONDON SUBSCRIBING TO § <br> POLICY NO. B0621PXOME000116 § | Civil Action No. 4:18-CV-00837 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs Xome Settlement Services, LLC ("Xome") and Quantarium, LLC's ("Quantarium") Motion to Remand (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs filed this insurance coverage action in the 367th Judicial District Court of Denton County, Texas seeking a declaration of their rights under an insurance policy issued by Defendants Certain Underwriters at Lloyd's, London subscribing to Policy No. B0621PXOME000116 ("the Policy") (Dkt. #1; Dkt. #5 at p. 1). The Certain Underwriters subscribing to the Policy are Canopius Syndicate, Barbican Syndicate, and Antares Syndicate (collectively, "Defendants") (Dkt. #1 ¶ 8).

On November 29, 2018, Defendants removed the case to this Court (Dkt. #1). On December 20, 2018, Plaintiffs filed their Motion to Remand (Dkt. #5). Defendants filed a response to the motion on January 18, 2019 (Dkt. #9). Plaintiffs filed a reply in support of the motion on January 22, 2019 (Dkt. #10). The parties dispute whether Defendants waived their removal rights in the Policy.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

**ANALYSIS**

I. **Subject Matter Jurisdiction**

Before addressing whether Defendants waived their right to remove the case from state court, the Court must determine whether it may exercise subject matter jurisdiction in this case. *See Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (citations omitted) (It is the "general expectation that federal courts address subject-matter jurisdiction at the

outset in the 'mine run of cases' . . . ."). Defendants allege the Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Section 1332(a) provides that federal district courts may exercise subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." Subject matter jurisdiction established by § 1332 is referred to as "diversity jurisdiction" or "diversity of citizenship jurisdiction." "'The diversity statute requires 'complete diversity' of citizenship.'" *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). In other words, "A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stiftung*, 603 F.3d at 297 (citations omitted). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of unincorporated entities is determined by the citizenship of all its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)); *Harvey*, 542 F.3d at 1080 (citations omitted) ("[T]he citizenship of a [Limited Liability Company ("LLC")] is determined by the citizenship of all of its members."). "The party seeking to assert federal jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Stiftung*, 603 F.3d at 297 (citing *Howery*, 243 F.3d at 919).

It its Notice of Removal, Defendants claim Plaintiff Xome is a Pennsylvania corporation with a principal place of business in Texas and Plaintiff Quantarium is a Washington corporation with a principal place of business in Washington (Dkt. #1 ¶¶ 6–7). Therefore, Defendants conclude Plaintiffs are citizens of Pennsylvania, Texas, and Washington (Dkt. #1 ¶¶ 6–7).

In Plaintiffs' Original Petition, Plaintiffs claim they are LLCs (Dkt. #1-3 ¶¶ 2–3). Both Plaintiff Xome and Plaintiff Quantarium's sole member is Xome Holdings LLC (Dkt. #1-3 ¶¶ 2–3). Xome Holdings LLC is a "wholly owned subsidiary" of Nationstar Mortgage LLC (Dkt. #1-3 ¶ 2).[1] Nationstar Mortgage LLC is "wholly owned" by Nationstar Sub1 LLC and Nationstar Sub2 LLC (Dkt. #1-3 ¶ 2). Nationstar Sub1 LLC and Nationstar Sub2 LLC are both "wholly owned" by Nationstar Mortgage Holdings, Inc. (Dkt. #1-3 ¶ 2). Nationstar Mortgage Holdings, Inc. is a Delaware corporation with a principal place of business in Texas (Dkt. #1-3 ¶ 2). Accordingly, under Plaintiffs' allegations, Plaintiffs are citizens of Delaware and Texas.

Under either Defendants or Plaintiffs' jurisdictional allegations, no "plaintiff[ ] shares the same citizenship as any one of the defendants."[2] *Stiftung*, 603 F.3d at 297. Defendants allege they are unincorporated foreign entities whose members are foreign citizens (Dkt. #1 ¶¶ 8–11). Plaintiffs do not allege that Defendants' are citizens of any state within the United States (Dkt. #1-3 ¶¶ 4–6). Consequently, Defendants are foreign citizens. Comparing Plaintiffs' potential citizenship—Pennsylvania, Texas, Washington, and Delaware—and Defendants' citizenship—foreign—no plaintiff shares the same citizenship as any one defendant. Therefore, the Court may exercise subject matter jurisdiction over this case pursuant to § 1332 if Defendants did not waive their removal rights in the Policy.

---

1. The Court assumes "wholly owned" indicates the owner is the sole member. The parties should notify the Court if this assumption is incorrect.
2. Plaintiffs' allegations are likely correct as Plaintiffs' names designate Plaintiffs as LLCs.

4

## II. Waiver of Removal Rights

There are three ways in which a party may waive its removal rights: "'[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.'" *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443–44 (5th Cir. 2009) (alterations in original) (*quoting City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). A waiver of a parties' removal rights need not contain explicit words. *Southland Oil Co. v. Miss. Ins. Guar. Ass'n*, 182 F. App'x. 358, 361 (5th Cir. 2006) (quoting *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)). However, "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *New Orleans*, 376 F.3d at 504 (citing *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991); *Waters*, 252 F.3d at 796). "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017) (citing *New Orleans*, 376 F.3d 505–06).

### A. "Of Texas"

Plaintiffs contend Defendants clearly and unequivocally waived their removal rights under the language of the "Choice of Law and Jurisdiction" provision of the Policy. The Choice of Law and Jurisdiction provision contains two sentences. The second sentence provides:

> Any disputes between the Insured and Underwriters arising under or in connection with this Insurance policy **shall be subject to the exclusive jurisdiction of Texas**.

(Dkt. #5-1 at p. 24) (emphasis added). Plaintiffs argue the "of Texas" language of this sentence is like the language analyzed in *Grand View*, *Ensco*, *Dixon*, *Waters*, and *Paolino* (Dkt. #5 at pp. 3–4) (citing *Grand View*, 847 F.3d at 255; *Ensco*, 579 F.3d at 442; *Dixon v. TSE Intern. Inc.*, 330

5

F.3d 396 (5th Cir. 2003); *Waters*, 252 F.3d at 796; *Argyll Equities LLC v. Paolino*, 211 F. App'x. 317 (5th Cir. 2006)).

The language at issue is distinguishable from the language in *Grand View*, *Ensco*, and *Paolino* because the language in these cases specified that specific states courts in Texas possessed exclusive jurisdiction. *Grand View*, 847 F.3d at 258 (Defendant waived its removal rights "by agreeing in the MCA to 'the sole and exclusive jurisdiction of the courts of Harris County in the State of Texas for any action, suit or proceeding arising out of or relating to this Agreement or the Proposed Transaction.'"); *Ensco*, 579 F.3d at 448 ("The Policies' forum selection clause fixes 'exclusive' venue for litigation in 'the Courts of Dallas County, Texas.' This, *prima facie*, satisfies *New Orleans*."); *Paolino*, 211 F. App'x. at 319 ("[T]he district court properly concluded that it is not a court 'sitting in Kendall County.'"). If the language of the Policy here read, "shall be subject to the exclusive jurisdiction of [the courts of Denton County], Texas," the Court would remand the case finding Defendants clearly and unequivocally waived their removal rights in accordance with *Grand View*, *Ensco*, and *Paolino*. However, the issue here is not whether the parties agreed to submit to the exclusive jurisdiction of courts in a specific county, but whether the words "shall be subject to the exclusive jurisdiction of Texas" indicate that jurisdiction lies exclusively in any Texas state court.

*Waters* is also distinguishable because it concerns a defendant waiving its removal rights by agreeing to allow the plaintiff the exclusive right to choose venue. 252 F.3d at 798 ("Reading each of the three clauses together, it is apparent that BFI (1) agreed that Waters may sue it in any court of Texas, (2) consented to the jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas, including the 23rd Judicial District Court of

6

Wharton County, Texas.").[3] In fact, the contract in *Waters* enabled the plaintiff to sue the defendant "in the courts of such state or the courts of the United States." *Id.* at 797. As the plaintiff in *Waters* could sue the defendant in either state or federal court, the case does not help the Court interpret the "of Texas" language at issue here.

*Dixon* is the most applicable case cited by Plaintiffs. 330 F.3d at 397. In *Dixon*, the defendant removed the case to this District. *Id.* The parties disputed whether the defendant waived its removal rights in the parties' contract. *Id.* The language of the contract read, "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Id.* The district court held, "the federal courts of the Eastern District of Texas are not court *of* Texas because they do not belong to Texas, but rather are courts *of* the United States." *Id.* at 397–98 (emphasis in original). The Fifth Circuit agreed and affirmed the district court's order finding, "Federal district courts may be *in* Texas, but they are not *of* Texas." *Id.* at 398 (emphasis in original). The Court reads *Dixon* to suggest the parties agreed to litigate disputes arising from the Policy exclusively in Texas state court by agreeing to the "of Texas" language. *See id.* Even so, *Dixon* is distinguishable for two reasons. First, the language at issue here does not state "Courts of Texas" but instead states "exclusive jurisdiction of Texas." Therefore, the "courts *in* or *of* Texas" analysis from *Dixon* is not applicable in this case. Second, unlike the contract in *Dixon*, the Policy here contains other provisions that must be construed with the "of Texas" language.

---

3. *Waters* fits under a different *New Orleans* factor. 376 F.3d at 504 (emphasis added) (A party waives its right to removal by, "by explicitly stating that it is doing so, **by allowing the other party the right to choose venue**, or by establishing an exclusive venue within the contract.").

### B. Other Provisions

The Court cannot consider the "of Texas" language alone, but must examine the Policy as a whole to harmonize and give effect to all provisions of the contract. *See M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citing *Universal C. I. T. Credit Corp. v. Daniel*, 150 Tex. 513, 518 (1951)); *Clark v. Cotten Schmidt, L.L.P.*, 327 S.W.3d 765, 773 (Tex. App.—Fort Worth 2010, no pet.). Besides the "of Texas" language previously cited, other provisions of the Policy also concern jurisdiction.

#### i. "Any Competent Court" Provisions

Appearing before the "of Texas" language, the first sentence of the Choice of Law and Jurisdiction provision states:

> This Insurance shall be governed by and construed in accordance with the laws of Texas, ***each party agrees to submit to the exclusive jurisdiction of any competent court within the United States of America***.

(Dkt. #5-1 at p. 24) (emphasis added). The "any competent court" language also appears in the "Risk Details" section of the Policy that summarizes the Choice of Law and Jurisdiction provision (Dkt. #5-1 at p. 3). Oddly, the "Risk Details" section does not contain the "of Texas" language.

Black's Law Dictionary defines a "Court of Competent Jurisdiction" as "[a] court that has the power and authority to do a particular act; one recognized by law as possessing the right to adjudicate a controversy." *Court of Competent Jurisdiction*, BLACK'S LAW DICTIONARY (10th ed. 2014). Consequently, a plain reading of the "any competent court" sentence suggests the parties agreed to submit to *any* court in the United States with the power and authority recognized by law as possessing the right to adjudicate a controversy. Further, nothing in the "any competent court" sentence indicates that the parties agreed only to litigate in Texas state court or that Defendants waived their removal rights. Based on the plain reading of the "any competent court" language

and the diversity of citizenship discussion above, this Court qualifies as a competent court in the United States that has the power and authority recognized by law to adjudicate the parties' dispute.

Other Courts have reached similar conclusions analyzing comparable language. In *French America*, the "Choice of Law & Jurisdiction" provision stated, "This insurance shall be governed by and construed in accordance with the laws of the State of Louisiana and each party agrees to submit to the exclusive jurisdiction of any court of competent jurisdiction within the United States of America." *Great N. & S. Navigation Co. LLC French Am. Line v. Certain Underwriters at Lloyd's London*, CV 18-4665, 2019 WL 1417305, *2 (E.D. La. Mar. 29, 2019).[4] Interpreting this language, the court held, "[t]he provision here does not clearly and unequivocally waive Defendant's right to removal." *Id.*

Similarly, in *McDermott*, the Fifth Circuit analyzed a policy with competing jurisdictional provisions. 944 F.2d at 1199. The "Service of Suit Clause" provided, "Underwriters hereon, at the request of the Assured will submit to the jurisdiction of any court of competent jurisdiction within the United States . . . ." *Id.* at 1200. Finding some ambiguity between the Service of Suit Clause and the Arbitration provision of the policy, the Fifth Circuit found, "The service-of-suit clause does not explicitly waive Underwriters' removal rights." *Id.* at 1206.[5]

---

4. There is no indication that the policy in *French America* contained language similar to the "of Texas" language found in the Policy here. *See* 2019 WL 1417305, *2.

5. In *McDermott*, the Fifth Circuit distinguished *Nutmeg*, a case containing similar language. *McDermott*, 944 F.2d at 1207 (citing *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991)). The policy in *Nutmeg* stated, "[i]n the event of our [Nutmeg's] failure to pay any amount claimed to be due under your [Rose City's] policy, we, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States." 931 F.2d at 14 (alterations in original). The Fifth Circuit found *McDermott* distinguishable from *Nutmeg*, in part, because *McDermott* contained more than one jurisdictional clause while *Nutmeg* contained only one. 944 F.2d at 1207. As the Policy here contains more than one jurisdictional clause, it is more like *McDermott* than *Nutmeg*.

Moreover, the issue in *Nutmeg* concerned the second *New Orleans* factor—allowing one party the right to choose venue—suggested by the words in the policy "we . . . agree to submit." *See Nutmeg*, 931 F.2d 15–16; *New Orleans*, 376 F.3d at 504. This is not the issue here as both parties "agreed to submit."

At this point, the "of Texas" language suggests the parties agreed to exclusively litigate any disputes arising from the Policy in Texas state court while the "any competent court" language indicates the parties agreed to submit to the exclusive jurisdiction of any competent court within the United States—federal or state, within or outside of Texas. Unfortunately, two additional clauses of the Policy further muddy the water.

### ii. Service of Suit Clause

The "Service of Suit Clause (U.S.A.)" first provides a different version of the "any competent court" language before specifically addressing removal:

> It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the ***Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States***. ***Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States***, ***to remove an action to a United States District Court***, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

(Dkt. #5-1 at p. 23) (emphasis added).

The first emphasized sentence has two impacts. First, it reinforces the "any competent court" language found in the Risk Details and Choice of Law and Venue provisions as the parties again express their intent to litigate disputes anywhere in the United States, not simply Texas state courts. Second, unlike the "any competent court" language found in the other provisions, in this sentence, one party agrees to submit to the venue chosen by the other party. Read alone, this clause could be construed as a different method of waiving Defendants' removal rights under *New Orleans*. *See Nutmeg*, 931 F.2d 15–16; *New Orleans*, 376 F.3d at 504 (emphasis added) ("A party may waive its rights by explicitly stating that it is doing so, ***by allowing the other party the right to choose venue***, or by establishing an exclusive venue within the contract."). However, the next

10

emphasized sentence specifically reserves Defendants' removal rights. Therefore, at least in the Service of Suit Clause, Defendants explicitly reserved their removal rights.

### III. Harmonizing the Provisions

To summarize, the "of Texas" language suggests the parties agreed to exclusively litigate their claims in Texas state court. The first "any competent court" language found in the Risk Details and Choice of Law and Jurisdiction provisions indicates the parties agreed to litigate their claims in any competent court within the United States—federal or state, within or outside of Texas. Defendants then appear to waive their removal rights in the second "any competent court" language found in the Service of Suit Clause by agreeing to submit to Plaintiffs' venue choice. Yet, the Service of Suit clause then specifically states that no language in the Clause constitutes a waiver of Defendants' removal rights. The Court must attempt to harmonize the provisions.

Federal law governs the enforceability of jurisdictional agreements while state law governs the interpretation of such clauses. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016); *DSA Promotions, LLC v. Vonage Am., Inc.*, 3:17-CV-3055-D, 2018 WL 1071278, at *3 (N.D. Tex. Feb. 27, 2018) (quoting *DBS Sols. LLC v. Infovista Corp.*, 3:15-CV-03875-M, 2016 WL 3926505, at *2 (N.D. Tex. July 21, 2016)). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citations omitted). "When the interpretation of a contract is in issue, the trial court must first determine whether the provisions in question are ambiguous." *Nicol v. Gonzales*, 127 S.W.3d 390, 394 (Tex. App.—Dallas 2004, no pet.) (citing *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983)). "The question of whether a contract is ambiguous is a question of law for the trial court's determination." *Id.* "A contract is not ambiguous if the contract's language can be given a certain or definite meaning." *Plains Expl.*

& *Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 305 (Tex. 2015) (citing *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012)).

### A. Proposed Harmonization

#### i. Plaintiffs' Proposals

Plaintiffs propose three ways to harmonize the provisions in the Policy. First, Plaintiffs argue the "of Texas" and "any competent Court" clauses of the Choice of Law and Jurisdiction Section "make perfect sense:"

> Combined, these two sentences provide the following limitations: (1) disputes must be heard in a court; and (2) disputes are subject to the "exclusive jurisdiction of Texas." The only forum satisfying these two conditions is a Texas state court.

(Dkt. #10 at p. 3). This proposed harmonization is not valid for three reasons. First, Plaintiffs' proposal renders the first condition superfluous as the second condition alone requires the parties to file cases exclusively in Texas. *See Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 477 (Tex. 2016) (citation omitted) ("[W]e strive to construe contracts in a manner that avoids rendering any language superfluous, [although] redundancies may be used for clarity, emphasis, or both.").[6] Second, Plaintiffs' proposal renders the words "any competent court in the United States of America" meaningless as the only competent courts under Plaintiffs' reading are Texas state courts. *See Coker*, 650 S.W.2d at 395 (citations omitted) ("[T]he court must consider the entire instrument so that none of the provisions will be rendered meaningless."). Third, Plaintiffs' proposal changes the language of the Policy. The Policy states, "each party agrees to submit to the exclusive jurisdiction of any competent court in the United States of America." The clause does not read, "disputes must be heard in a court."

---

6. As demonstrated by the difficulty of harmonizing the provisions, the "any competent court" language does not provide clarity or emphasis to the "of Texas" language.

Next, Plaintiffs' contend "the most obvious purpose" of the "any competent court" language "is to clarify that disputes would be subject to resolution in a judicial, rather than an arbitral forum." (Dkt. #10 at p. 4). Yet, the Policy includes an "Arbitration" provision that provides:

> Upon any controversy arising out of or relating to the rights and obligations owed under this Policy, including the effect of any applicable statutes or common law upon the contractual obligations otherwise owed, the Underwriters or any "Insured" may request that the dispute be subjected to binding arbitration.

(Dkt. #5-1 at p. 18). Consequently, the Policy contemplates that disputes could be subject to a judicial or arbitral forum, contrary to Plaintiffs' suggested reading of the Policy.

Finally, Plaintiffs focus on the Service of Suit Clause language providing, "Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights . . . to remove an action to a United States District Court . . . ." Focusing on the "nothing in this Clause" language, Plaintiffs argue that while Defendants did not waive their removal rights in the Service of Suit Clause, Defendants waived their removal rights in the Choice of Law and Jurisdiction provision (Dkt. #10 at pp. 4–5).[7] The Court disagrees for two reasons. First, it is illogical that

---

7. Plaintiffs cite *Motiva* frequently. *Motiva Enters. LLC v. Swiss Re Intern. S.E.*, 577 F. App'x. 136 (3d Cir. 2014). In *Motiva*, the Schedule to the policy specified, "'[i]n the event of a dispute between the Insured and Insurers,' the terms of the policy would be subject to 'the Law of Delaware' and 'Jurisdiction of the State of Delaware, USA.'" *Id.* at 137 (alteration in original). The Service of Suit provision of the policy stated, "'[n]othing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights . . . to remove an action to a United States District Court.'" *Id.* (alterations in original). The Third Circuit rejected the insurers' argument that the words "[n]othing in this Clause constitutes or should be understood to constitute a waiver of Underwriters rights . . . to remove" modified the first provision of the policy. *Id.* at 139. The court stated, "Any other reading would ignore or contradict the arbitration and forum-selection clauses elsewhere in the policy." *Id.*

The Court first notes that *Motiva* is nonbinding and unpublished authority. Even so, *Motiva* is distinguishable for at least two reasons. First, the policy in *Motiva* contemplated three types of claims. *Id.* at 138–39. The policy only reserved the defendants' removal rights under one type of claim. *Id.* The policy here does not make such a distinction (*See* Dkt. #5-1). Second, in *Motivia*, the court relied on the "nothing in this Clause" language to fix the contradiction between the language of the Schedule and the Service of Suit provision. Here, even if the Court relied on the "nothing in this Clause" language, the conflict between the "of Texas" and "any competent court" language in the Choice of Law and Jurisdiction provision would remain unresolved.

Defendants would explicitly preserve their removal rights on one page of the Policy, but then immediately waive their rights on the next page (Dkt. #5-1 at pp. 23–24).[8] Second, Plaintiffs' proposed reading does not resolve the "of Texas" and "any competent court" conflict found in the Choice of Law and Jurisdiction provision.

> ii. **Defendants' Proposal**

Responding to Plaintiffs' argument citing *Dixon*, Defendants contend:

> [B]y choosing to use the term "of Texas" rather than the term "Courts of Texas," the language used in Endorsement 8 does not clearly and unequivocally refer to the state courts of Texas as the proper venue to the complete exclusion of federal courts within Texas that have jurisdiction over a matter on diversity grounds.

(Dkt. #9 at p. 5). The Court finds Defendants' distinction between "exclusive jurisdiction of Texas" as opposed to "exclusive jurisdiction of [the Courts] of Texas" tenuous based on the Court's reading of *Dixon*.

## IV. Clear and Unequivocal

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *New Orleans*, 376 F.3d at 504 (citing *McDermott*, 944 F.2d at 1199; *Waters*, 252 F.3d at 796). "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Grand View*, 847 F.3d at 258 (citing *New Orleans*, 376 F.3d 505–06).

In the Policy, the parties first agreed to submit to "the exclusive jurisdiction of any competent court within the United States of America." (Dkt. #5-1 at pp. 3, 24). The parties next agreed to submit to the "exclusive jurisdiction of Texas." (Dkt. #5-1 at p. 24). Defendants also agreed that, "at the request of the Insured (or Reinsured), [Defendants] will submit to the

---

8. Defendants argue this point, "such an interpretation would lead to a nonsensical result and render the language in the Service of Suit Clause entirely meaningless." (Dkt. #9 at p. 7).

jurisdiction of a Court of competent jurisdiction within the United States." (Dkt. #5-1 at p. 23). Defendants then specifically reserved their removal rights in the same Clause, "Noting in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights . . . to remove an action to a United States District Court . . . ." (Dkt. #5-1 at p. 23). The parties do not propose adequate interpretations of these clauses that enable the Court to harmonize the language. The Court also cannot independently harmonize the provision. Accordingly, regardless of the exact interpretation of these clauses, Defendants did not clearly and unequivocally waive their removal rights in the Policy. As a result, Plaintiffs' motion to remand should be denied.

## CONCLUSION

Based on the preceding discussion, it is therefore **ORDERED** that Plaintiffs' Motion to Remand is hereby denied (Dkt. #5).

**IT IS SO ORDERED**.

**SIGNED this 17th day of April, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE